# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Sandeep Singh,

      Petitioner,

v.

Kristi Noem, et al.,

      Respondents.

No. CV-26-00517-PHX-SHD (JFM)

**ORDER**

On January 28, 2026, the Court granted Petitioner's 28 U.S.C. § 2241 Petition and directed Respondents to either release Petitioner or provide Petitioner a bond hearing within seven days. (Doc. 4.) On February 24, 2026, Petitioner filed a Motion to Compel Release arguing that "[i]n the totality of the circumstances, the court's finding that he is a flight risk is a clear abuse of discretion." (Doc. 16 at 7.) The Court permitted Petitioner to supplement the motion to "explain the basis for this Court's jurisdiction to review the bond determination and the facts the Immigration Judge relied on to deny bond and why those facts are insufficient as a matter of law to deny bond based on flight risk." (Doc. 17.) Petitioner filed a supplement. (Doc. 20.) The Court will deny the motion.

First, it appears Petitioner's motion is moot as he was granted voluntary departure in April 2026 and is no longer in immigration custody. But even if not moot, the motion must be denied. An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to

review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole.").  Nevertheless, courts retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process.  *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).  Petitioner argues "he is concerned that immigration judges cannot be neutral in this current Administration, as they are employees of the executive branch and risk termination if they rule against DHS or otherwise demonstrate that they are not fully compliant with the President's immigration agenda." (Doc. 20 at 6.)  Petitioner alleges the "IJ ignores [sic] and failed to weigh the positive *Guerra* factors in both of her [sic] bond determinations."  (*Id.* at 7.)  Based on the current record, the Court cannot conclude that the legal framework employed by the Immigration Judge was itself a violation of due process.  "A district judge may not second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, No. 17-cv-07124 WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018).  Petitioner's motion must be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Compel Release (Doc. 16) is **denied**.

Dated this 13th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge